UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

BERNARD AUGUSME,

    Petitioner,

V.

WARDEN JOHN GILLEY,

    Respondent.

Civil Action No. 6: 22-065-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Bernard Augusme filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the imposition of disciplinary sanctions imposed against him for the possession of drug paraphernalia. [R. 1.] Warden Gilley filed a timely response to Augusme's petition [R. 8], and Augusme replied. [R. 11.] The matter is thus ripe for review. For the reasons that follow, the Court will deny Augusme's petition.

In July 2021, Augusme was sanctioned with the loss of good conduct time for possessing drug paraphernalia at the United States Penitentiary-McCreary in Pine Knot, Kentucky.[1] According to the Incident Report, Senior Officer D. Scalf conducted a random search of Cell 214 in Unit 2A and discovered a pair of institutional pants with something inside the seam of the button fold in the front of the pants. Upon further examination, Officer Scalf located a homemade syringe with a hollow bore needle made from an ink pen. The Incident Report noted that Unit 2A Cell 214 was occupied by both Augusme and inmate Johnathan Whitener. Both inmates were charged with the possession of drug paraphernalia, and the matter was referred to a Disciplinary Hearing Officer

---

[1] The Federal Bureau of Prisons' Online Inmate Locator indicates that in the time since Augusme's petition became ripe, he has been transferred to the Federal Detention Center-Miami in Miami, Florida. *See* https://www.bop.gov/inmateloc/ (last accessed May 30, 2023).

("DHO"). [*See* R. 1; R. 8 at 2-3.] Augusme was ultimately sanctioned with the loss of forty-one days of good conduct time.[2] [R. 1 at 8; R. 8 at 6.] Augusme challenged this sanction via the Federal Bureau of Prisons' administrative remedy process, but his appeals were denied. [R. 8 at 6-8.] Augusme now seeks relief from this Court via a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[3]

In his petition, Augusme claims his due process rights were violated in two ways. First, he claims the DHO refused to review or provide video footage of the unit where the homemade syringe was located. [R. 1 at 5.] Second, he asserts that the contraband was located in an "unsecure area accessible to the entire unit," thus suggesting it would be unconstitutional to hold him responsible for it. [*Id.; see also* R. 11 at 3-5.]

The United States Supreme Court has articulated certain minimum procedures that prison officials must follow before taking away an inmate's good time credit during disciplinary proceedings. *See Sandin v. Conner,* 515 U.S. 472, 477-78 (1995); *Wolff v. McDonnell*, 418 U.S. 539 (1974). Due process requires that the prisoner be provided with advanced, written notice of the charges; the opportunity to call witnesses and present other evidence in his or her defense; and a written decision explaining the grounds used to determine the sanctions imposed. *Wolff*, 418 U.S. at 563-66. Despite his various allegations, Augusme has not demonstrated that he was denied any of these articulated rights.

Augusme's first contention that his due process rights were violated because the DHO refused to review or provide video footage of his unit is without merit. The record makes clear

---

[2] Augusme's roommate Whitener was also sanctioned for the illicit possession of drug paraphernalia. [See, e.g., R. 8-5.]

[3] When a prisoner believes that he was deprived of sentence credits for good conduct without due process of law, he may invoke this Court's habeas corpus jurisdiction under 28 U.S.C. § 2241. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973).

2

that Augusme was given an opportunity to provide both a statement and documentary evidence according to the requirements of *Wolff*. Augusme did give a brief statement ("I had no knowledge of that needle."). However, he chose not to present any documentary evidence. He also chose not to call any staff witnesses. [*See* R. 8 at 12; R. 8-5.] Further, although Augusme claims in his habeas petition that he requested video footage during the disciplinary proceeding [*see* R. 1 at 5], the Warden's response brief and attached DHO report both indicate he never actually made such a request. [R. 8 at 13; R. 8-5.] Augusme wholly fails to challenge the Warden's response on this point in his reply brief. [*See* R. 11.] Upon review, there is simply no indication that Augusme's due process rights were violated during the disciplinary proceeding.

Likewise, Augusme's claim that the syringe was found in an unsecured common area provides no basis for habeas relief. An inmate need not have actual possession of contraband in order to be penalized for a violation of prison rules; constructive possession can be sufficient. *See Farris v. Wilson*, Case No. 09-127-GFVT, 2009 WL 3257955 (E.D. Ky. Oct. 8, 2009). The key inquiry is whether the DHO's decision was supported by enough evidence.

Ultimately, due process requires a prison disciplinary board's decision to be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Because the quantum of evidence required to meet that standard is minimal, the reviewing court need not re-examine the entire record, independently assess the credibility of witnesses, or weigh the evidence. Instead, it need only confirm that "there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Id*. at 454-55 (emphasis added); *Selby v. Caruso*, 734 F. 3d 554, 559 (6th Cir. 2013). That low threshold was satisfied here, where neither Augusme nor inmate Whitener accepted responsibility for the needle but Officer Scalf nevertheless found the needle and obtained photographic evidence of it in their

3

cell. [*See* R. 8-5 at 2-3 (recounting the evidence relied upon by the DHO, as well as how the evidence was weighed).]

In short, it is clear that Augusme disagrees with the DHO's decision in his case. However, he has failed to demonstrate that he was denied any of the procedural protections outlined in *Wolff*. Furthermore, the record indicates the Disciplinary Hearing Officer's decision satisfied the requisite evidentiary threshold. Augusme's petition is therefore properly denied.

Accordingly, the Court hereby **ORDERS** as follows:

1. Augusme's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. The Court will enter a corresponding Judgment.

This 30th day of May, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY